IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARLAND BROCK,                         :     Case No. 2:24-cv-1034
                                       :
         Plaintiff,                    :     Chief Judge Algenon L. Marbley
                                       :
    v.                                 :     Magistrate Judge Chelsey M. Vascura
                                       :
BATTELLE MEMORIAL INSTITUTE,           :
                                       :
         Defendant.                    :

## OPINION & ORDER

This matter is before the Court on Battelle Memorial Institute's Motion for Default Judgment (ECF No. 22). The time for filing a response has passed and Defendant has not responded. For the following reasons, Battelle Memorial Institute's Motion (ECF No. 22) is **GRANTED**, a **DEFAULT JUDGMENT** is entered against Plaintiff, and Defendant is awarded **$104,022.00** in compensatory damages.

## I.  BACKGROUND

On February 24, 2025, Battelle filed its application for an entry of Default against Garland Brock with respect to Battelle's counterclaim against Brock. (ECF No.  20). On February 26, 2025, the Clerk of Courts entered default against Brock because he "failed to plead or otherwise defend in the cause." (ECF No. 21).

Defendants assert that during Brock's employment with Battelle, he falsified over 900 hours of time records to projects for which Battelle was under Federal contract to complete. Accordingly, when Battelle charged the Federal government for the work Brock claimed he performed, such charges were based on Brock's misrepresentations. (ECF No. 22). Battelle now seeks compensatory damages based on those misrepresentations.

## II.  LAW AND ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. When a party against whom a judgment for relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55. The now defaulting party is considered to have admitted all the well-pleaded allegations relating to liability, but not to damages. *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (quoting *Morisaki v. Davenport*, *Allen & Malone, Inc.*, 2010 WL 3341566, at *1 (E.D. Cal. Aug.23, 2010)).

An entry of default does not automatically entitle a party to a default judgment. *See F.C. Franchising Sys., Inc. v. Schweizer*, 2012 WL 1945068, at *3 (S.D. Ohio May 30, 2012). The party who sought the default must show the court that, "when all of the factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted." *Methe v. Amazon.com.dedc, LLC*, 2019 WL 3082329, *1 (S.D. Ohio July 15, 2019) (quoting *Said v. SBS Elecs., Inc.*, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010)).

When considering whether to enter default judgment, the Sixth Circuit instructs courts to take into account the following factors: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). If the Court finds default judgment proper, it may conduct a hearing to determine the proper amount of damages. Fed. R. Civ. P. 55(b)(2). The Court is not, however, required to do so. *See id.* ("The court may conduct hearings . . . [to] determine the amount of damages.").

2

*1.  Sufficient and Meritorious Claims*

Battelle's counterclaim alleges that Battelle relied on Plaintiff's fraudulent misrepresentations when it charged the federal government for the work that Plaintiff failed to complete. As such, Battelle had to credit the Federal government for the misrepresentations. (ECF No. 3). Taking the factual allegations as true, this Court finds that the Complaint states a sufficient and meritorious claim for fraud.

*2.  Prejudice to Plaintiff*

Battelle will be prejudiced if its Motion is denied. Battelle filed their counterclaim nearly a year and a half ago (*see* ECF No. 3), and still, they remain without relief. To deny default judgment would render Battelle's effort at a civil resolution futile, while rewarding Brock's avoidance of this litigation. Moreover, were Battelle to file another lawsuit, all indications are that it would return to this stage: default judgment. Courts find the prejudice factor to be satisfied under such circumstances. *See, e.g.*, *Toler v. Glob. Coll. of Nat. Med., Inc.*, 2016 WL 67529, at *7 (E.D. Mich. Jan. 6, 2016). Accordingly, the prejudice factor weighs in favor of default judgment.

*3.  Amount of Money at Stake*

Next, the Court considers the amount of money at stake. Battelle requests a total award of $104,022.00. This total is aligned with the spectrum for typical federal cases from this District. *See, e.g.*, *JJ Rods LLC v. Horchen,* 2024 WL 2883287, *3 (S.D.Ohio June 7, 2024) (awarding $98,000 and noting that a substantial sum of $500,000,000 would weigh against default judgment). Accordingly, this Court will treat this factor as favoring default judgment.

*4.  Possible Disputed Material Facts*

As for the possibility of disputed material facts, Brock filed an answer to the counterclaim on May 21, 2024, contesting all of Battelle's relevant claims. (ECF No. 7). However, on August 1,

2024, the parties indicated they had initiated the process of executing a settlement agreement and anticipated filing a dismissal on or before August 30, 2024. (ECDF No. 13). Since then, Brock has been unresponsive, and no settlement agreement was finalized. (ECF No. 15). Brock has also failed to respond to or dispute Battelle's Motion for Default Judgment. Therefore, this factor weighs in favor of default judgment.

### 5.  *Default Due to Excusable Neglect*

Brock initiated this action and has been unresponsive since the parties expressed intent to settle. Additionally, on September 10, 2024, Brock was ordered to appear before this Court, in person, to Show Cause as to why this Court should not dismiss his claims with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute, and why this Court should not enter default judgment against him on Defendant's counterclaim. (ECF No. 15). Brock failed to respond to the September 10, 2024, Order and failed to appear before this Court at the Show Cause hearing. (ECF No. 18). Plaintiff further has not responded since the entry of default judgment against him. (ECF No. 21). This Court has no evidence indicating why Plaintiff has not responded or whether he was unable to respond. As such, this factor also weighs in favor of default judgment.

### 6.  Preference for Decisions on the Merits

When a party's nonparticipation has prevented the resolution of a case on the merits, the preference for a resolution on the merits becomes outweighed by the needs of the litigants actually before the Court. *See, e.g., Tomilson v. E. Recovery & Mediation Grp. LLC*, 2019 WL 1380313, at *4 (E.D. Mich. Mar. 17, 2019); *Toler v. Glob. Coll. of Nat. Med., Inc.*, 2016 WL 67529, at *9 (E.D. Mich. Jan. 6, 2016). As all of the other factors favor default judgment, and since a decision on the merits appears to have become unrealistic and unattainable due to

Brock's lack of participation in this case, the policy preference of a judgment on the merits shall

not preclude Battelle from its requested relief.

### III.CONCLUSION

Defendant's Motion for Default Judgment (ECF No. 22) is **GRANTED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  November 21, 2025**

5